UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SIKANDER SINGH,

           Petitioner,

    v.

KRISTI NOEM, *et al.*,

           Respondents.

Case No. C26-450-MLP

ORDER

Petitioner Sikander Singh, through counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging as unlawful his redetention by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. (Dkt. # 1.) Respondents have filed a return (dkt. # 5), together with the supporting declarations of ICE Deportation Officer Anthony Rosa (dkt. # 6) and Respondents' counsel Lawrence Van Daley (dkt. # 7). Petitioner has filed a traverse. (Dkt. # 8.) The Court, having reviewed the parties' submissions and the governing law, GRANTS in part the petition (dkt. # 1).

## I.    BACKGROUND

On June 11, 2023, Petitioner, a citizen and national of India, entered the United States without inspection or admission and was apprehended and served with a Notice to Appear. (Dkt.

ORDER - 1

# 1, ¶¶ 19-21; Rosa Decl., ¶¶ 3-5; Van Daley Decl., Ex. 1.) On the same day, Petitioner was released on an Order of Release on Recognizance ("OREC") pursuant to § 236 of the Immigration and Nationality Act, 8 U.S.C. § 1226. (Van Daley Decl., Ex. 2.) The OREC included a condition that he not violate any local, state, or federal laws and warned Petitioner that "[f]ailure to comply with the conditions of this order *may* result in revocation of your release and your arrest and detention[.]" (*Id.* (emphasis added).)

Petitioner complied with ICE reporting requirements through the date of an in-person check-in on January 14, 2026. (Dkt. # 1, ¶ 22; Rosa Decl., ¶ 6.) On that date, ICE discovered that Petitioner had recently been arrested for criminal trespass in the second degree and, based on this alleged violation of his OREC, detained him. (Rosa Decl., ¶¶ 7-8; Van Daley Decl., Ex. 3 at 2.) Proceedings on the criminal charge remain pending. (Dkt. # 1, ¶ 2; Rosa Decl., ¶ 7; Van Daley Decl., Ex. 3 at 3.) A hearing on Petitioner's immigration case is scheduled for March 24, 2026. (Rosa Decl., ¶ 9.)

## II.    DISCUSSION

District courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). This authority extends to challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A petitioner may obtain relief by showing that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c). The petitioner bears the burden of proof by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

The material facts are not in dispute. ICE revoked Petitioner's OREC and redetained him at a routine check-in without prior notice of the reasons for detention and without affording him any opportunity to contest those reasons. Petitioner contends the lack of a pre-deprivation

ORDER - 2

hearing violated his Fifth Amendment due process rights. Respondents contend redetention was mandatory, rendering a hearing superfluous.

A.  **Scope of § 1225 Authority**

Respondents contend that, because Petitioner initially entered the country without inspection or admission, he is an "applicant for admission" under 8 U.S.C. § 1225(a) and, therefore, subject to mandatory detention under § 1225(b)(2)(A). (Dkt. # 5 at 5-6.) They rely in part on the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, -- F.4th --, 2026 WL 323330 (5th Cir. Feb. 6, 2026), to argue that revocation of release was mandatory but they also contend, somewhat confusingly, that "[i]nitial release was discretionary[.]" (*Id.* at 3-4.)

Petitioner's OREC specifically cites § 1226 and none of the revocation documents in the record refer to § 1225. (*See* Van Daley Decl., Exs. 2-4.) Respondents' belated recharacterization of his status as related to § 1225 and reliance on § 1225(b)'s "mandatory" language as interpreted by *Buenrostro-Mendez* is unavailing. The Fifth Circuit's decision is nonbinding here, and this Court joins others in declining to adopt Respondents' expansive construction of § 1225(b)'s mandatory detention framework to include Petitioner. *See, e.g.*, *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1324 (W.D. Wash. Sept. 30, 2025) (rejecting the government's position that § 1225(b) applies to all noncitizens not admitted and declining to treat a long-present noncitizen as subject to that scheme); *P.T. v. Hermosillo*, 2025 WL 3294988, at *2 n.1 (W.D. Wash. Nov. 26, 2025).

B.  **Due Process**

Due process protections extend to all persons within the United States, including noncitizens, regardless of immigration status. *Zadvydas*, 533 U.S. at 693. Procedural due process requires meaningful notice and a genuine opportunity to be heard before the government

infringes a protected liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). In immigration detention cases, courts in this Circuit apply the *Mathews* balancing test, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the government's countervailing interest, including fiscal and administrative burdens. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *see also E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321 n.4 (W.D. Wash. 2025) (collecting cases).

Aside from arguments based on § 1225, Respondents offer no argument based on the *Mathews* factors. (*See* dkt. # 5 at 8-9.) Petitioner contends all three factors weigh strongly in his favor. (Dkt. # 8 at 7-9.)

First, Petitioner's interest in remaining free from physical confinement after more than two years of release under an OREC is a substantial liberty interest. *See Zadvydas*, 533 U.S. at 690; *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. Sept. 12, 2025). Nevertheless, the interest is somewhat weakened because Petitioner was informed that his release could be revoked if he violated state law, as he is alleged to have done. The government's "release of [an] individual from custody creates 'an implicit promise' that the individual's liberty will be revoked only if they fail to abide by the conditions of their release." *See, e.g.*, *Calderon v. Kaiser*, 2025 WL 2430609, at *2 (N.D. Cal. Aug. 22, 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). The Court finds that this factor weighs in Petitioner's favor, though not heavily.

Second, the risk of erroneous deprivation weighs in Petitioner's favor, though again not strongly. In his OREC, Petitioner received notice of the possible consequences of violating state law. However, the criminal charge remains unresolved, and Respondents have taken no measures

ORDER - 4

to verify that the underlying facts alleged are accurate. *See Morrissey*, 408 U.S. at 483 ("the State has no interest in revoking parole without some informal procedural guarantees."). A brief, neutral custody hearing would have significant value in testing the legal and factual basis for custody. *See Ramirez Tesara*, 800 F. Supp. 3d at 1137; *E.A. T.-B.*, 795 F. Supp. 3d at 1324.

Third, although the government has legitimate interests in enforcing the immigration laws and ensuring appearance at proceedings, Respondents identify no concrete way in which providing a short, pre-deprivation custody hearing before revoking an existing OREC would materially impede those interests. Redetention proceedings under § 1226(a) are already routine, and courts in this District have found the marginal administrative burden of routine hearings to be modest and outweighed by the liberty interest at stake. *See E.A. T.-B.*, 795 F. Supp. 3d at 1324; *Ledesma Gonzalez v. Bostock*, 2025 WL 2841574, at *8 (W.D. Wash. Oct. 7, 2025).

In sum, the *Mathews* factors favor Petitioner. The Court finds habeas relief is warranted.

C.  **Habeas Relief**

Respondents contend that, if the Court finds § 1225(b) inapplicable, Petitioner is detained pursuant to § 1226(a) and the "appropriate relief" would be to order a bond hearing before an immigration judge. (Dkt. # 5 at 6-7.) Respondents do not offer any authority for this suggestion. Petitioner contends a post-deprivation hearing cannot cure the constitutional violation and, thus, seeks immediate release. (Dkt. # 8 at 10-11.) He further seeks an injunction prohibiting Respondents from placing GPS ankle monitors upon release absent clear and convincing evidence of flight risk or danger to the community, and an order providing for attorneys' fees. (Dkt. # 1 at 10.)

Having found that Petitioner's redetention without a pre-deprivation hearing violates due process, the Court concludes that release is the appropriate and constitutionally mandated

ORDER - 5

remedy.[1] This conclusion aligns with a broad consensus among district courts nationwide. *See, e.g.*, *E.A. T.-B.*, 795 F. Supp. 3d at 1324; *J.Y.L.C. v. Bostock*, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025). Regarding an ankle monitor, Petitioner has not provided any argument on the matter and the Court declines to reach the issue. Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

### III.   CONCLUSION

For the foregoing reasons, the Court ORDERS:

(1)   The petition for writ of habeas corpus (dkt. # 1) is GRANTED in part;

(2)   Respondents shall immediately release Petitioner from immigration custody, subject to appropriate conditions of supervision consistent with existing statutory and regulatory authority;

(3)   Within **two (2) business days**, Respondents shall file a notice with the Court confirming his release.

Dated this 4th day of March, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

---

[1] This relief is without prejudice to any authority Respondents may have to detain Petitioner pursuant to the procedures in place under § 1226 and its accompanying regulations. "Section 1226(a) and its implementing regulations provide extensive procedural protections" including the agency's initial custody determination and "several layers of review[.]" *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022). The regulations specifically require that a noncitizen be permitted to demonstrate that his "release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8).